IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ESTHER CARABALLO RIVERA<br>Plaintiff<br>Vs<br>PLAZA TU SUPERMERCADO, INC.;<br>CASH AND CARRY FRIGORIFICO -<br>ALMACEN SOMOS,<br>INCORPORADO; PLAZA TU<br>SUPERMERCADO<br>Defendants | CIVIL 16-3126CCC |

**OPINION AND ORDER**

This action was commenced on December 10, 2016 by plaintiff Esther Caraballo Rivera ("Caraballo"), individually and on behalf of all other individuals similarly situated, seeking injunctive relief against defendant Plaza Tu Supermercado, Inc. d/b/a Plaza Tu Supermercado (Plaza Tu Supermercado), pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA"). (d.e. 1). On January 25, 2017, plaintiff amended her complaint (d.e. 8) as a matter of course to include two additional defendants: Cash and Carry Frigorifico – Almacen Somos, Incorporado, d/b/a Plaza Tu Supermercado ("Cash and Carry Frigorifico") and Plaza Tu Supermercado, a corporation, partnership, or sole

proprietorship d/b/a Plaza Tu Supermercado – Plaza Guayama.[1]  Before the Court is defendant Cash and Carry Frigorifico's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 17**) filed on March 27, 2017, plaintiff's opposition (d.e. 19) filed on April 5, 2017, and defendant's reply (d.e. 23) filed on April 12, 2017.  For the reasons discussed below, the motion is DENIED.

I.     **FACTUAL BACKGROUND**

Plaintiff, a resident of Bayamon, Puerto Rico, alleges in her amended complaint, that prior to instituting this action and visiting defendant's facility, she suffered from a "qualified disability" under the ADA and is severely limited or unable to engage in the major life activity of sitting, standing, and walking.  (d.e. 8, ¶ 3).  She further alleges that the Puerto Rico Department of Motor Vehicles has issued her a permanent handicap permit.  *Id.*

Plaintiff visited defendant's facility, Plaza Tu Supermercado, located in Guayama, Puerto Rico on or around October 30, 2016.  *Id.*  Plaintiff alleges that during this visit, she "was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within

---

[1] Plaintiff filed for voluntary dismissal of her claims against defendant Plaza Tu Supermercado, Inc. d/b/a Plaza Tu Supermercado on August 16, 2017.  (d.e. 31). Plaintiff explains that Plaza Tu Supermercado, a corporation, partnership, or sole proprietorship d/b/a Plaza Tu Supermercado – Plaza Guayama "is a fictional, John Doe Defendant."

Defendant's facility."  *Id.*  Plaintiff contends that during her visit she "experienced unnecessary difficulty and risk because no purportedly accessible parking space was designated as 'accessible' or 'van accessible' … [and] claims to have knowledge of the barriers described in the complaint."  *Id.*  These include, but are not limited to: the purportedly accessible spaces provide no accessible aisles, the location of accessible parking spaces is noncompliant with the ADA, the minimum number of accessible parking spaces is not met, one ADA compliant parking sign is inexistent, the entrance ramp does not comply with the ADA, the handrails do not comply with the ADA, the counter lacks any portion that has a maximum height of 36 inches from the finished floors, the bathroom does not comply with the ADA as there are no signs, failure to provide knee clearance for a disabled person under a counter or sink, and inadequate clear turning space in the stall, among other violations.  (d.e. 8, ¶ 16).

Plaintiff claims that defendants' facility is non-compliant with the ADA and the ADA's Accessibility Guidelines, 28 CFR § 36, significantly impeding her ability to full and equal enjoyment of its facilities.  Thus, plaintiff avers that defendants have discriminated against her on the basis of her disability and that she has been harmed by defendants' conduct.  Plaintiff maintains

that she "plans to avail herself of the goods and services offered to the public at the property which is approximately less than 50 minutes from her home, and is located near the popular and unique destination in Puerto Rico known as Pozuelo." (d.e. 8, ¶ 4). Plaintiff claims to frequent the area to conduct various activities, including, but not limited to shopping, and visiting her family in Guayama. *Id.* She states that "the lack of accessible parking spaces, accessible entrance and lack of accessible restrooms is a deterrent to her use of the facility, because it renders it more difficult for her to get out of her vehicle and use the restroom." *Id.* Nevertheless, plaintiff claims she "will avail herself of the services offered at the facility in the future, provided that the Defendant modify the Premises or modify its' policies and practices to accommodate individuals who use wheelchairs or individuals with limited mobility." *Id.* Plaintiff also claims to act "as a 'tester' for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations." (d.e. 8, ¶ 5).[2]

---

[2] Although yet to be determined by the First Circuit, other courts have held that "testers" have standing to pursue ADA cases. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1288 (10th Cir. 2004) (holding that "testers" have standing to sue). "Nothing in that statutory language [of Section 12182] precludes standing for tester plaintiffs; if anything, 'no individual' and 'any person' are broad terms that necessarily encompass testers." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir. 2013).

Defendant contends that plaintiff's action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), for want of subject matter jurisdiction specifically averring that plaintiff lacks standing.

## II.    PLEADING STANDARD

Under Rules 12(b)(1) and 12(b)(6), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction or for failure to state a claim upon which relief can be granted. *Benítez-Navarro v. González-Aponte*, 660 F. Supp. 2d 185, 188 (D.P.R. 2009). A motion to dismiss brought under Rule 12(b)(1) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Cintrón-Luna v. Román-Bultrón*, 668 F. Supp. 2d 315, 316 (D.P.R. 2009). Federal Rule 12(b)(6) states that a complaint will be dismissed if the pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Bell Atl. Corp. v. Twombly*, held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). When ruling on a motion to dismiss, the Court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Although

"*Twombly* does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting *Twombly*, 550 U.S. at 570). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court upheld *Twombly* and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. *See Id.* "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

### III.   ANALYSIS

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182. Under section 12182, a plaintiff may only sue for injunctive relief.  *See Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 304 (1st Cir. 2003) (finding that section 12182, which incorporates the remedies set forth in 42 U.S.C. § 2000a-3(a), "allows only injunctive relief (as opposed to money damages")).  Therefore, this type of suit "requires some ongoing harm (or, at least, a colorable threat of future harm)."  *Id.*

Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit."  *New Hampshire Right to Life Political Action Comm. v. Gardner,* 99 F.3d 8, 12 (1st Cir. 1996).  Because remedies under the ADA are limited to equitable relief "[c]ourts narrowly

interpret their judicial power under Title III." *Lorenzo Font v. Francisco*, 260 F. Supp. 2d 394, 400 (D.P.R. 2003). In order to demonstrate standing, a plaintiff must prove: (1) she "suffered an 'injury in fact'—that is, an invasion of a legally protected interest which is concrete and particularized and actual and imminent; (2) a causal connection between the injury and the conduct complained of; and, (3) redressability, such that it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

**1.    Injury in Fact**

   **A.   Concrete and Particularized**

Persons disabled under the ADA "endure a concrete and particularized injury when they 'suffer an injury as a result of the [defendant establishment's] noncompliance with the ADA.'" *Fedler v. Ocean Properties, Ltd.*, 683 F. Supp. 2d 57, 65 (D. Me. 2010) (quoting *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-8 (9th Cir. 2002). "Because Congress specifically excused disabled plaintiffs from having to experience discrimination first-hand by engaging in the 'futile gesture' of visiting a non-compliant establishment, 42 U.S.C.A. § 12188(a)(1), courts hold that the 'concrete and particularized' requirement is met when a

disabled plaintiff 'is currently deterred from attempting to gain access to the [defendant's establishment].'" *Id.*

Plaintiff asserts she was deterred from entering the property on or around October 30, 2016, as a result of "unnecessary difficulty and risk because no purportedly accessible parking space was designated as 'accessible' or 'van accessible.'"  (d.e. 8, ¶ 3).[3]  Specifically she alleges that "the lack of accessible parking spaces, accessible entrance and lack of accessible restrooms is a deterrent to her use of the facility, because it renders it more difficult for her to get out of her vehicle and use the restroom."  (d.e. 8, ¶ 4).  Taking these assertions as true, plaintiff has alleged a concrete and particularized injury.

### B. Actual and Imminent

The First Circuit has held that "[a] disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA and who is threatened with harm in the future because of existing or imminently threatened noncompliance with the ADA suffers actual or imminent harm sufficient to confer standing."  *Disabled*

---

[3]Defendant incorrectly argues in his Motion to Dismiss that "Plaintiff does not explain which of these alleged barriers she encountered and would likely encounter upon return."  (d.e. 17, pp. 5-6).

*Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc.*, 405 F.3d 60, 64 (1st Cir. 2005) (citing *Pickern*, 293 F.3d at 1138). Specifically, "[a]n actual or imminent injury occurs when a plaintiff has a concrete intent to return to a facility with a barrier which will continue to adversely affect his ability to benefit from or participate in the facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 958-59 (9th Cir. 2011); *see also Feries del Caribe, Inc.*, 405 F.3d at 64-5 (concluding plaintiff alleged 'a real and immediate threat' of discrimination by stating in complaint that "[p]laintiff intends to return to the Defendant's place of public accommodation . . . to avail himself of the goods and services offered therein.")

Plaintiff asserts that she is "able to, would like to, intends to use and enjoy the facility" and "intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises." (d.e. 8, ¶¶ 4 and 5). She maintains "defendant's supermarket provides [] very affordable goods that she and her family enjoy and need" and that she is deterred from returning to said facilities, "so long as the numerous architectural barriers at Defendant's facilities continue to exist." *Id.*

Defendant argues that plaintiff has not plead sufficient facts establishing that she is likely to return to the Supermarket since her "place of residence weighs against finding a reasonable likelihood of future harm considering that the Supermarket, which is located in the municipality of Guayama, is far away from her alleged place of residence in Bayamón." (d.e. 17, ¶ 21). When making a determination of whether plaintiff is likely to return to the complained about establishment and thus will suffer future harm, some districts courts consider the following four factors: "(1) the proximity of the plaintiff's residence to the place of public accommodation, (2) plaintiff's past patronage of the establishment, (3) the definiteness of the plan to return, and (4) the plaintiff's frequency of travel near the business." Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 192 D. Mass. 2013). This test has not been adopted by the First Circuit, and thus is not controlling. Nevertheless, plaintiff states in her Complaint that she "frequently travels to the area wherein Defendant operates the subject facility to conduct various activities, including, but not limited to shopping, and visiting her family in Guayama. Plaintiff plans to avail herself of the goods and services offered to the public at the property, which is approximately less than 50 minutes from her home, and is located near the

popular and unique destination in Puerto Rico known as Pozuelo." (d.e. 8, ¶ 4)

Thus, taking the averments by plaintiff as true, we find that plaintiff has plead sufficient facts at the motion to dismiss stage, to establish the she suffers actual or imminent harm sufficient to confer standing.

**2.     Causal Connection Between Injury and Conduct**

It is apparent that there exists a causal connection between the injury alleged and the conduct that plaintiff complained of. Throughout her amended complaint, plaintiff alleges the presence of architectural barriers at defendant's property in violation of the ADA. She claims these barriers impeded her from having full and equal access to defendant's Supermarket. (d.e. 8. ¶¶ 3, 14). Plaintiff maintains that she personally encountered these barriers. *Id.* at ¶ 5. She has provided descriptions and images of the non-compliant areas in defendant's property that deter her patronage of defendant's business. *Id.* at ¶16. Therefore, plaintiff has shown that a causal connection exists sufficient at this stage of the ligation.

**3.     Redressability**

Redressability under the ADA "requires some ongoing harm." *Ocean Properties, Ltd,* 683 F. Supp. 2d at 73 (quoting *Hannaford Bros. Co.,*

333 F.3d at 304). "Where a plaintiff has alleged an ongoing barrier to access, the injury is ongoing so long as 'the barrier remains in place.'" *Id.* Additionally, "[o]nce a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III." *Chapman*, 631 F.3d at 947.

Plaintiff alleges in her amended complaint that she "would like to, and intends to use and enjoy the facility, but the lack of accessible parking spaces accessible entrance and lack of accessible restrooms is a deterrent and barrier to access" (d.e. 8, ¶ 4). She also alleges that without injunctive relief, "[she] and all others similarly situated will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested." (d.e. 8, ¶ 49). A favorable decision in plaintiff's favor, that is, an injunction ordering defendant to take steps necessary to remove the architectural barriers and bring its facility into compliance with the ADA, will fully redress plaintiff's injury.

Accordingly, accepting all well pleaded facts in the amended complaint as true, plaintiff has demonstrated she has standing to bring this case.

## IV.    CONCLUSION

For the reasons stated above, we find that plaintiff has standing to sue under the ADA.  Accordingly, defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 17**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on February 8, 2018.

                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge